

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00266-CR

**ALEC NAVA,**

                                           **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                           **Appellee**

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2017-2080-C2

## ORDER

Counsel for appellant filed an *Anders*[1] brief. In accordance with the Court of Criminal Appeals' opinion in *Kelly v. State*, counsel prepared and sent to appellant a Motion for Pro Se Access to the Appellate Record. *See Kelly v. State*, 436 S.W.3d 313, 320 (Tex. Crim. App. 2014). Appellant, Alec Nava, has signed the motion for access and sent

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

it to this Court.  It was filed on January 25, 2019.  Appellant's Motion for Pro Se Access to the Appellate Record is granted and will be implemented as provided for herein.

In accordance with *Stanley v. State*, No. 10-14-00320-CR, 2015 Lexis 4719 (Tex. App.—Waco May 7, 2015, order) (per curiam), counsel is ORDERED to obtain and send Appellant, within 14 days from the date of this order, copies of the clerk's and reporter's records and to simultaneously notify this Court, the State, the trial court, and the trial court clerk when counsel has completed this task.  In the event that the record made available to Appellant must be returned to the trial court clerk, counsel must notify Appellant and this Court of that fact.

Counsel is reminded that there are certain rules and statutes that prohibit certain sensitive or illegal information from being included in a public record.  *See* TEX. R. APP. P. 9.10.  If counsel has identified any such information while conducting the review of the record as necessary to prepare the *Anders* brief in support of counsel's motion to withdraw, counsel should take appropriate steps to redact or in some manner remove that information from the copy of the record that is being provided to Appellant.

Appellant is ORDERED to file his pro se response to counsel's *Anders* brief within 30 days from the date counsel sends notice to the Court that the record has been forwarded to Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant.  If counsel notified Appellant and this Court that the record being provided to Appellant was obtained from the trial court clerk and must

be returned thereto, Appellant is ORDERED to not take the record apart or mark on or modify the record.

If the record must be returned to the trial court clerk, so that its return to the trial court clerk can be monitored and enforced, Appellant is ORDERED to send the record to this Court with Appellant's response. If no response is filed, but nevertheless, the record must be returned to the trial court clerk, Appellant is ORDERED to send the record to this Court within 45 days of the date the attorney sends notice to the Court that the record was forwarded to the Appellant, unless the due date is extended by order of this Court upon proper and timely motion by Appellant.

Appellant's failure to comply with this Order, including the failure to send the record to this Court within the time specified, if herein required, may result in the dismissal of the appeal under our inherent authority upon the presumption that the record was obtained under false pretense and with no intent to pursue the appeal but instead was obtained for the purposes of delay.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Judge Neill[2]
Order issued and filed February 13, 2019
Do not publish



---

[2] The Honorable Judge John E. Neill, Judge of the 18th District Court, sitting by assignment of the Chief Justice of the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 74.003(a) (West 2013).